# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Peter Laslie, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 3031 |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| Chicago Transit Authority, | ) | |
| | ) | |
| The CTA. | ) | |

**MEMORANDUM OPINION AND ORDER**

Peter Laslie ("Laslie"), with the benefit of counsel, brought the above captioned action against the Chicago Transit Authority ("CTA") alleging race discrimination and retaliatory discharge, both in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq*. The Court previously granted summary judgment in the CTA's favor and dismissed the case in its entirety. R. 86. Laslie, proceeding *pro se*, appealed the Court's ruling to the Seventh Circuit Court of Appeals offering new evidence in the form of an arbitration decision. R. 87. The Seventh Circuit affirmed the Court's dismissal of Laslie's retaliatory discharge claim, but remanded Laslie's race discrimination claim for the limited purpose of determining whether the Court should reopen the case to consider the arbitration ruling as evidence in support of Laslie's discrimination claim. R. 101. The CTA filed a memorandum arguing that the Court should not reopen the case to consider the arbitration award, and should uphold its prior decision dismissing Laslie's race discrimination claim. R. 107. Likewise, Laslie,

1

again proceeding *pro se*, filed a memorandum requesting that the Court reopen the case to consider the arbitration decision and vacate its prior ruling dismissing the case. R. 114. For the following reasons the Court grants Laslie's motion to reopen the case to consider the arbitration decision, but affirms its prior decision granting summary judgment to the CTA on Laslie's race discrimination claim.

## I.[1]

In its prior Order, the Court found that Laslie had failed to offer sufficient evidence establishing race discrimination under the direct method of proof. R. 86 at 10-13. The arbitration decision does not present any evidence which would alter the Court's prior ruling on its direct method of proof analysis. Therefore, that portion of the Court's Order will not be revisited in this opinion. The Court also found in its prior Order that Laslie failed to establish a *prima facie* case of race discrimination under the indirect method of proof because Laslie failed to establish the existence of a similarly situated employee.[2] R. 86 at 15-16. It is this analysis to which the arbitration decision relates as the arbitrator found that Laslie and David Grabski ("Grabski") were indeed similarly situated employees.[3] Accordingly, this opinion

---

[1] The Court previously provided a detailed recitation of the relevant facts in its Opinion and Order dated March 22, 2013 (the "Order"), R. 86, and presumes familiarity therewith for purposes of this ruling.

[2] The Court also found that Laslie failed to put forth any evidence that the CTA's justification for disciplining him was pretextual. R. 86 at 16. However, that issue was not addressed in the arbitration decision, and is therefore not subject to the Circuit's remand. Accordingly, that argument will not be revisited in this Opinion.

[3] It is undisputed both before the arbitrator and before this Court that Laslie and Grabski were disparately reprimanded as a result of the same accident.

2

will address what affect, if any, the arbitrator's analysis and findings that Laslie and Grabski were similarly situated employees has on this Court's prior Order.

The Court acknowledges that the arbitration decision was not submitted for its consideration when analyzing the CTA's summary judgment motion. The CTA contends that the arbitration decision is not "new evidence" because Laslie's attorney had a copy of the arbitration decision when he filed his opposition to the CTA's summary judgment motion. The CTA argues that Laslie has waived any argument stemming from the arbitration decision by not raising it in his opposition to the CTA's summary judgment motion. R. 107 at 4. Laslie counters that the arbitration decision is relevant to his claim and that it was error for his attorney to not submit it to the Court in support of his claim. R. 114. Because the Court ultimately finds that the arbitration decision would not have changed the outcome of the Court's Order, it declines to address whether it was error for Laslie's attorney to not submit the arbitration decision to the Court or whether Laslie waived any arguments stemming from the arbitration decision for failure to present it as evidence in opposition to The CTA's summary judgment motion. Instead, the Court will accept the arbitration decision as evidence in support of Laslie's opposition to The CTA's summary judgment motion and analyze it accordingly. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 60 n.21 (1974). (District courts have discretion to determine the weight to accord to arbitration decisions considering factors such as the conformance of provisions in collective-bargaining agreement to Title VII.)

## II.

The arbitration was conducted between the CTA and the Amalgamated Transit Union on behalf of Laslie. R. 107, Ex. 1. The arbitration decision contains a recitation of the facts of the January 1, 2009, train accident (the "accident") and the subsequent disciplinary decisions that were made against the three CTA employees involved. *Id*. These facts do not differ materially from those contained in the Court's prior Order. *Compare* R. 86 *to* R. 107, Ex. 1.

The only remaining portion of the arbitration decision that is relevant to this case on remand is that which discusses whether the CTA had just cause to discipline Laslie as a result of the accident. R. 107, Ex. 1. Under arbital law, "to disparately treat similarly situated employees is a failure of just cause." *Id*. Therefore, the arbitrator necessarily had to determine whether Laslie and Grabski were similarly situated employees in order to determine whether the CTA had just cause to discipline Laslie as they did. Similarly, the Court's prior analysis of Laslie's race discrimination claim under the indirect method of proof also hinged on his ability to demonstrate that he and Grabski were similarly situated employees.

In assessing whether Laslie and Grabski were similarly situated, the arbitrator first determined the extent to which Laslie and Grabski were liable for the accident. The arbitrator concluded that both Laslie and Grabski knew that Car 3119 was defective prior to it being used as a "horse" to move the other train cars. R. 107, Ex. 1 at 8-9. As such, the arbitrator found that Grabski and Laslie were equally liable for the accident. R. 107, Ex. 1 at 9. Based on that fact alone, the

arbitrator summarily concluded that Grabski and Laslie were similarly situated employees. *Id*. The arbitrator did note that Grabski worked in the Maintenance Department while Laslie worked in the Transportation Department. *Id*. However, the arbitrator held that the fact that Grabksi worked in a different department "[did] not absolve the [CTA] of the failure of its agents in [the Maintenance Department] to ensure that employees equally guilty of rule violations are treated consistently." *Id*. Accordingly, without ever providing a definition of "similarly situated" or describing the framework used to determine whether employees are similarly situated, the arbitrator concluded that because Grabski and Laslie worked for the same overarching entity, the CTA, and were equally culpable for the accident, they were similarly situated.

The Seventh Circuit, on the other hand, has expressly enumerated the factors which a court is to consider when determining whether employees are similarly situated for purposes of a discrimination claim. "To demonstrate that a comparison individual is similarly situated to a plaintiff, the plaintiff is required to produce evidence that the comparison employee is 'directly comparable to her in all materials respects.'" *Squibb v. Mem'l Med. Ctr.*, 497 F.3d 775, 788 (7th Cir. 2007) (quoting *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002)). "This analysis requires the court to examine all the relevant factors, which most often include whether the employees (i) held the same job description, (ii) were subject to the same standards, (iii) were subordinate to the same supervisor, and (iv) had comparable experience, education and other qualifications – provided the

5

employer considered these latter factors in making the personnel decision." *Duffy v. Ind. Juvenile Justice Task Force*, 2011 WL 2413826, at *7 (S.D. Ind. June 10, 2011) (quoting *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F. 3d 520, 532 (7th Cir. 2004)) (internal quotation marks omitted). "[T]his test involves a flexible, common-sense approach with requirements that vary from case to case." *McGowan v. Deere & Co.*, 581 F. 3d 575, 579 (7th Cir. 2009) (citing *Barricks v. Eli Lilly & Co.*, 481 F. 3d 556, 560 (7th Cir. 2007)). "Regardless of the context, however, the purpose of the test remains the same: to discern whether there are sufficient common factors between the plaintiff and another employee to allow for a meaningful comparison in order to divine whether discrimination was involved in an employment decision." *McGowan*, 581 F. 3d at 579-80.

Using this framework, the Court previously determined that Laslie had not sufficiently established that Grabski was similarly situated to him, thereby defeating his *prima facie* case of discrimination under the indirect method of proof. R. 86 at 15-16. In particular, the Court found that Laslie and Grabski were in different departments within the CTA. R. 86 at 15-16. Unlike the arbitrator, and in accordance with the case law above, the Court found this distinction material to determining whether Laslie and Grabski were similarly situated. R. 86 at 15-16; *Duffy*, 2011 WL 2413826, at *7 (citing *Ajayi*, 336 F. 3d at 532); *Morgan v. SVT, LLC,* 724 F. 3d 990, 997-98 (7th Cir. 2013). Because Laslie and Grabski were in different departments, they had different chains of command that were responsible for handling any disciplinary actions. R. 86 at 15-16. Indeed, Grabski and Laslie

were disciplined by separate individuals within their respective chains of command. *Id.* at 15-16.

Moreover, while not expressly relied upon in the Court's prior Order, the Court notes that Laslie and Grabski held different job titles and different corresponding job responsibilities. *McGowan*, 581 F.3d at 580 ("If [a comparator] was performing a different job…he is not a similarly-situated individual in the first instance."). Perhaps most importantly, the 2009 accident was not Laslie's first. Laslie had also been involved in an accident in 2007. R. 86 at 5. There is no evidence, however, to suggest that Grabski had a history of prior accidents.

Ultimately, while the Court acknowledges that Laslie and Grabski worked for the same overarching entity, the CTA, and were both liable to some degree for the accident, these two facts alone are insufficient to establish that they are similarly situated employees for purposes of a Title VII discrimination claim. Rather, the fact that they held different job titles, had different job responsibilities, were subordinate to different supervisors in different departments within the CTA, and had different accident histories requires that the Court conclude that Laslie and Grabksi were not similarly situated employees under Title VII. Therefore, the Court finds that Laslie still fails to establish a *prima facie* case of race discrimination under the indirect method of proof and his case is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Laslie's Motion to reopen his case, vacate the Court's prior Order, and reinstate his case, R. 114, is granted in part to the extent that the Court reopened the case to determine whether the arbitration decision would have changed the outcome of the Court's prior Order, but denied in part as the Court reaffirms its prior Order dismissing Laslie's discrimination claim and declines to reinstate Laslie's case. Accordingly Laslie's race discrimination claim is dismissed with prejudice, and this action is terminated.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: February 2, 2015